UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF DEFAZIO,<br><br>    Plaintiff,<br><br>v.<br><br>BOYDEN WORLD CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-06121-JST<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff Jeff DeFazio's complaint does not contain the jurisdictional statement required by Civil Local Rule 3-5. *See* ECF No. 1. He alleges only state-law claims, *id.*, and his amended civil cover sheet asserts federal jurisdiction on the basis of diversity. ECF No. 3. The amended civil cover sheet indicates that DeFazio is a citizen of California and that Defendants are citizens of another state.[1] *Id.*

However, the complaint does not allege the citizenship of the parties. For example, it alleges the *residence* of DeFazio and Defendant Dick McCallister, ECF No. 1 ¶¶ 1, 4, but a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Likewise, the complaint alleges that Defendant "RAM SF LLC is a limited liability company licensed to do business in California and located in San Francisco, California," ECF No. 1 ¶ 3, but it fails to allege the identity or citizenship of any of the members of the limited liability

---

[1] DeFazio's original civil cover sheet indicated that Defendants were citizens both of California and of another state. ECF No. 1-1.

company ("LLC"), which the Court must consider to determine the LLC's citizenship. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). As to Defendant Boyden World Corporation, the complaint alleges only that it "do[es] business in San Francisco, California," and is "headquartered in New York," ECF No. 1 ¶ 2, but a corporation is considered a citizen of every state in which it has been incorporated and of the "state where it has its principal place of business," 28 U.S.C. § 1332(c)(1).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"). The burden of establishing federal subject matter jurisdiction rests on the party seeking to invoke it.

Because the citizenship of the parties is unknown, the Court cannot determine whether it has subject matter jurisdiction over this case. DeFazio is ordered to show cause, within 21 days of the date of this order, as to why this case should not be dismissed for lack of subject matter jurisdiction. If Defendants wish to respond, they may file a responsive brief within seven days thereafter.

**IT IS SO ORDERED.**

Dated: December 23, 2019

_____
JON S. TIGAR
United States District Judge

2